UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Arma Strong, | ) | C/A No. 8:24-cv-4935-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, Bill Brown, | ) | |
| Vel Williams, Atwater USP, | ) | |
| Atwater USP/United States of America, | ) | |
| | ) | |
| Defendants. | ) | |

Arma Strong ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (a "*Bivens* claim"), alleging Defendants violated his constitutional rights. ECF Nos. 1; 1-2. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons explained below, this action should be transferred to the United States District Court for the Eastern District of California.[1]

---

[1] A decision to transfer venue does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A). "This omission has led to a split of opinion as to whether a magistrate judge has the authority to order a transfer of venue to another district. Within this district, there are cases in which the magistrate judge has ordered the transfer of venue, and other cases in which the magistrate judge has prepared a Report and Recommendation on the motion to transfer venue." *Bennett v. CSX Transp., Inc.*, C/A No. 4:10-cv-1417-RBH, 2010 WL 4646250, at *2 (D.S.C. Sept. 30, 2010) (internal citations omitted) (collecting and comparing cases). Given the split of opinion within this District, the undersigned issues this Report and Recommendation rather than an order transferring venue.

1

## BACKGROUND

Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and is presently incarcerated at the Atwater United States Penitentiary ("Atwater USP") in Atwater, California. Plaintiff was sentenced by the Honorable Mary Geiger Lewis in this District Court at case number 3:22-cr-218-MGL and was subsequently transferred to Atwater USP to serve his sentence.

Plaintiff commenced this action by filing a handwritten letter. ECF No. 1. The undersigned conducted an initial screening of Plaintiff's *pro se* filing and issued a Proper Form Order ("PF Order") dated September 17, 2024, directing Plaintiff to pay the filing fee or file a motion for leave to proceed *in forma pauperis*, complete a standard complaint form, and provide properly completed service documents for the named Defendants. ECF No. 5. The Court also directed Plaintiff to file answers to the Court's Special Interrogatories, which presented questions to better help the Court understand the nature of Plaintiff's claims. ECF No. 5-1. In response to the Court's PF Order, Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 11), proposed service documents (ECF Nos. 12; 12-1), a standard complaint form (ECF No. 1-2), supporting documents to the Complaint (ECF Nos. 1-4; 1-6), answers to the Court's Special Interrogatories (ECF No. 1-3), and various letters (ECF Nos. 14; 15; 16).

The Court construes the original hand-written document (ECF No. 1) and the standard complaint form (ECF No. 1-2) together as the Complaint filed in this matter. The Court has also considered the information, allegations, and arguments made in Plaintiff's other filings. Plaintiff makes the following pertinent allegations in the Complaint. Plaintiff contends that various government officials violated his health and safety and took away certain privileges resulting in Plaintiff being stabbed nine times. ECF No. 1-2 at 4. Plaintiff alleges he was stabbed by two other

2

inmates and was denied medical treatment. *Id*. According to Plaintiff, on April 28, 2024, while he was in his cell at Atwater USP, he was attacked by two inmates armed with knives and stabbed nine times. *Id*. at 5. Plaintiff was sent to the hospital as a result. *Id*. For his injuries, Plaintiff contends he suffered stab wounds to the chest, left shoulder, and back—one in his chest, four in his shoulder, and four in his back. *Id*. at 6. He was sent to the emergency room trauma unit where he received x-rays, his wounds were cleaned and "patched up," and he was given medication. *Id*. However, he has not received any further medical treatment since leaving the hospital despite his complaints about having chest pain. *Id*. For his relief, Plaintiff seeks money damages in the amount of $5 million. *Id*. He also requests "to go home to [his] family."

Having reviewed the Complaint and the other filings submitted by Plaintiff, the undersigned concludes that venue is improper in this judicial district and that this Court lacks personal jurisdiction over the named Defendants. Accordingly, this action should be transferred to the Eastern District of California.

## **APPLICABLE LAW**

**Screening under 28 U.S.C. § 1915A**

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Under this statute, the Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.[2]

---

[2] Plaintiff has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim

**Construction of *Pro Se* Pleadings**

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleadings remain subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), nor should the Court construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). The Court cannot "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**The Venue Statute**

"In a *Bivens* claim, venue is established by 28 U.S.C. § 1391(b)." *Bey v. Kemper*, C/A No. 1:21-cv-00069, 2021 WL 625256, at *2 (S.D.W. Va. Feb. 1, 2021); *Attkisson v. Rosenstein*, C/A No. RDB-20-cv-0068, 2021 WL 978821, at *7 (D. Md. Mar. 16, 2021) ("The proper venue for *Bivens* is determined by the general venue provision, 28 U.S.C. § 1391(b)."). The venue statute provides that the proper venue for a plaintiff to pursue a claim lies in:

---

on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because this action should be transferred, the undersigned declines to rule on Plaintiff's pending motion.

4

> (1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "The burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Hackos v. Sparks*, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005).

"When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to 'dismiss, or if it be in the interest of justice, transfer such case' to the proper venue."[3] *Levi v. Harris Teeter, LLC*, C/A No. 4:16-cv-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25, 2016), *R&R adopted by* 2016 WL 4911047 (D.S.C. Sept. 15, 2016).  The choice to dismiss or transfer a case afforded by 28 U.S.C. § 1406 lies within the sound discretion of the district court. *See Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005).  Because federal district courts are vested with the inherent power to control and protect the administration of court proceedings, *see White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986), the district court has the power to consider *sua sponte* whether venue is proper, *see Harmon v. Sussex Cnty.*, C/A No. 4:17-cv-2931-RBH-TER, 2017 WL 6506396, at *1 (D.S.C. Nov. 13, 2017), *R&R adopted by* 2017 WL 6498165 (D.S.C. Dec. 19, 2017).

---

[3] Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."

**DISCUSSION**

Plaintiff is presently an inmate incarcerated at the Atwater USP in California. Plaintiff alleges that Defendants are responsible for injuries he sustained and for his medical care as an inmate at Atwater USP. Plaintiff alleges that the events giving rise to his claims occurred at Atwater USP.

The District of South Carolina does not satisfy any of the venue statute's subsections and is therefore not the proper venue to entertain Plaintiff's claims. Instead, the most appropriate venue is the United States District Court for the Eastern District of California, where all Defendants reside and, significantly, where all the events underlying Plaintiff's claims occurred.[4] *See Calzada v. Trate*, C/A No. 1:22-cv-01471-HBK-HC, 2023 WL 8022388, at *1 (E.D. Cal. Nov. 20, 2023) (noting Atwater USP is within the venue and jurisdiction of the Eastern District of California). Thus, this case should be dismissed or transferred. *See* 28 U.S.C. § 1406(a) (requiring that a case filed in an improper venue must be dismissed, or, if it is in the interest of justice, transferred to a district in which it could have been brought). The undersigned concludes that transfer rather than dismissal would best serve the interests of justice in this case. Accordingly, transfer pursuant to 28 U.S.C. § 1406(a) is appropriate.

---

[4] "The test for determining venue [under § 1391(b)] is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim. In general, in determining whether events or omissions are sufficiently substantial to support venue under the amended statute, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review the entire sequence of events underlying the claim." *Flexible Techs., Inc. v. SharkNinja Operating LLC*, C/A No. 8:17-cv-00117-DCC, 2018 WL 1175043, at *5 (D.S.C. Feb. 14, 2018) (citations and internal quotation marks omitted), *R&R adopted by* 2018 WL 1158425 (D.S.C. Mar. 5, 2018). Here, the entire sequence of events underlying the claims in Plaintiff's Complaint demonstrates that venue is not proper in this District.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of California.[5]

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

November 1, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[5] Because the Court raised the issue of transfer of venue *sua sponte*, Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered pursuant to *Feller v. Brock,* 802 F.2d 722, 729 n.7 (4th Cir. 1986). *See Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.,* 784 F. Supp. 306, 321 (D.S.C. 1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). **Plaintiff's opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered by the district judge.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).