# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Arma Strong,<br><br>        Plaintiff,<br>  v.<br><br>United States of America, Bill Brown, Vel Williams, Atwater USP, Atwater USP/United States of America,<br><br>        Defendants. | Case No. 8:24-cv-4935-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this action be transferred to the United States District Court for the Eastern District of California. (Dkt. No. 17). Plaintiff did not file objections to the report. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and transfers the case to the United States District Court for the Eastern District of California.

## I. Background

Plaintiff Arma Strong, proceeding *pro se*, brings this *Bivens* action alleging that Defendants violated his constitutional rights. (Dkt. Nos. 1; 1-2). Plaintiff is in custody at the Atwater United States Penitentiary ("Atwater USP"), in Atwater, California. Plaintiff alleges that various government officials took away certain privileges resulting in two inmates stabbing Plaintiff nine times in his cell. (Dkt. No. 1-2, at 4). Since being sent to the emergency room for medicine, a cleaning, and patching up, he alleges that he has not received any further medical treatment despite his complaints about chest pain. (*Id*. at 5). For relief, Plaintiff seeks $5 million in money damages and "to go home to [his] family." (*Id*.). The Magistrate Judge correctly concluded that venue is improper in this district and that this Court lacks personal jurisdiction over Defendants.

## II.     Legal Standard

### A.  Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  The Venue Statute

"In a *Bivens* claim, venue is established by 28 U.S.C. § 1391(b)." *Bey v. Kemper*, C/A No. 1:21-cv-00069, 2021 WL 625256, at *2 (S.D.W. Va. Feb. 1, 2021); *Attkisson v. Rosenstein*, C/A No. RDB-20-cv-0068, 2021 WL 978821, at *7 (D. Md. Mar. 16, 2021) ("The proper venue for *Bivens* is determined by the general venue provision, 28 U.S.C. § 1391(b)."). The venue statute provides that the proper venue for a plaintiff to pursue a claim lies in:

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Hackos v. Sparks*, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005).

"When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to 'dismiss, or if it be in the interest of justice, transfer such case' to the proper venue."[1] *Levi v. Harris Teeter, LLC*, C/A No. 4:16-cv-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25, 2016), *R & R adopted by* 2016 WL 4911047 (D.S.C. Sept. 15, 2016). The choice to dismiss or transfer a case afforded by 28 U.S.C. § 1406 lies within the sound discretion of the district court. *See Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005). Because federal district courts are vested with the inherent power to control and protect the administration of court proceedings, *see White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986), the district court has the power to consider sua sponte whether venue is proper, *see Harmon v. Sussex Cnty.*, C/A No. 4:17-cv2931-RBH-TER, 2017 WL 6506396, at *1 (D.S.C. Nov. 13, 2017), *R & R adopted by* 2017 WL 6498165 (D.S.C. Dec. 19, 2017).

**III.  Discussion**

Upon review of the record and case law in this Circuit, the Magistrate Judge correctly determined that the District of South Carolina is not the proper venue to entertain Plaintiff's claims.

---

[1] Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."

Plaintiff is an inmate incarcerated at Atwater USP in California and all the alleged events giving rise to his claim occurred in Atwater USP.

The Court agrees with the Magistrate Judge that the most appropriate venue is the United States District Court for the Eastern District of California, where all Defendants reside and where all the events underlying Plaintiff's claims occurred.

The Court concludes that transfer, rather than dismissal, would best serve the interests of justice, and therefore transfers this case to the Eastern District of California pursuant to 28 U.S.C. § 1406(a).

### IV.     Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 17) as the Order of the Court. The Clerk of court is instructed to transfer this action to the United States District Court for the Eastern District of California

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　s/ Richard M. Gergel
　　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

November 26, 2024
Charleston, South Carolina